[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12039
Non-Argument Calendar

_____

D.C. Docket No. 4:19-cv-00653-CLM


NICOLE COLTON,

                                                        Plaintiff-Appellant,

versus

FEHRER AUTOMOTIVE, NORTH AMERICA, LLC,

                                                        Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 21, 2021)

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

The Americans with Disabilities Act, as the name implies, protects only those with disabilities. The district court dismissed Nicole Colton's ADA lawsuit because of one fatal flaw: she failed to sufficiently allege that she was a person with a disability. Colton alleged that she was short (just 4'6") but, the court said, she did not tie that physical characteristic to a physical impairment. So the court dismissed her claims for discrimination and retaliation. Because we agree that Colton failed to sufficiently allege that she was disabled, we affirm.

I.

When reviewing a motion to dismiss, we "accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Henderson v. McMurray*, 987 F.3d 997, 1001 (11th Cir. 2021). But Nicole Colton's complaint doesn't give us much to work with. We know that in April 2018, she was assigned, through a temp agency, to work for FEHRER Automotive, an automobile interior manufacturing facility. She had worked there a few years earlier without incident. But this time, there was a problem: they assigned her to work at a table that was too tall for her 4'6" stature. When she asked the individuals training her for a shorter table or a step stool, they declined.

Undeterred, Colton complained to FEHRER's human resource representative. But she was brushed off. Instead, a few days later, FEHRER terminated her employment and marked her personnel file as ineligible for rehire.

The company said that she was "not a good fit" for FEHRER, but the training coordinator confided that she was labeled as a "red flag" because she "asked too many questions."

Colton responded by filing a timely charge of discrimination and retaliation with the Equal Employment Opportunity Commission and received a right-to-sue letter. She then filed a complaint in federal court. The district court, though, dismissed Colton's complaint without prejudice, after determining that she failed to state a claim of discrimination or retaliation. This appeal followed.

## II.

We review de novo a dismissal for failure to state a claim upon which relief may be granted. *Henderson*, 987 F.3d at 1001.

## III.

## A.

We start with Colton's discrimination claim. The ADA prohibits employment discrimination against a qualified individual on the basis of disability. 42 U.S.C. § 12112(a). To state a claim of discrimination in violation of the ADA, a plaintiff must allege sufficient facts to plausibly suggest that (1) she suffers from a disability, (2) she is a qualified individual, and (3) that a "covered entity" discriminated against her on account of her disability. *Surtain v. Hamlin Terrace*

*Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015).  Colton's claim falters on that first prong.

Under the ADA, individuals have a "disability" if they have (A) "a physical or mental impairment that substantially limits one or more major life activities of such individual"; (B) "a record of such an impairment"; or (C) are "regarded as having such an impairment."  42 U.S.C. § 12102(1).  Here, Colton claims her "short stature" is her physical impairment, and that her height substantially limits her "activities of daily living such as reaching."  Colton, though, cannot cram her short stature into the definition of "disability" with such conclusory allegations.

The ADA does not define the word "impairment."  But the EEOC, pursuant to its statutory authority to issue regulations implementing the ADA, has provided a reasonable definition for us:  "Any *physiological disorder or condition*, cosmetic disfigurement, or anatomical loss affecting one or more body systems . . . ."  29 C.F.R. § 1630.2(h)(1) (emphasis added); 42 U.S.C. § 12205a; *see also Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010) (noting that while administrative interpretations of an act by its enforcing agency are not controlling, we will look to them for guidance).  It has also offered further interpretive guidance, recognizing that the word "impairment" does "not include physical characteristics such as eye color, hair color, left-handedness, *or height*,

4

weight, or muscle tone that are within 'normal' range and are not the result of a physiological disorder." 29 C.F.R. pt. 1630, App'x § 1630.2(h) (emphasis added).

Given these definitions, the facts pleaded in Colton's complaint establish only that her height was a physical characteristic. She pleads no facts whatsoever suggesting that her height was due to a "physiological disorder or condition." *See Morriss v. BNSF Ry. Co.*, 817 F.3d 1104, 1109 (8th Cir. 2016) (holding that for obesity to "qualify as a physical impairment—and thus a disability—under the ADA, it must result from an underlying physiological disorder or condition")[1]; *EEOC v. Watkins Motor Lines, Inc.*, 463 F.3d 436, 443 (6th Cir. 2006) ("consistent with the EEOC's own definition, we hold that to constitute an ADA impairment, a person's obesity, even morbid obesity, must be the result of a physiological condition").

Moreover, we must view height as a physical characteristic, not an "impairment," under guidance from the Supreme Court. In *Sutton v. United Air Lines*, the Court noted when reviewing an ADA claim that employers are "free to decide that physical characteristics or medical conditions that do not rise to the

---

[1] FEHRER erroneously stated that in a previous opinion our "Court agreed [with *Morriss*] that 'the ADA does not prohibit discrimination based on a perception [of] a physical characteristic.'" This is a mischaracterization. We quoted this language from *Morriss* in *a parenthetical* to support the point that "Section 12102(3)(A) does not, by its terms, extend to an employer's belief that an employee might contract or develop an impairment in the future." *EEOC v. STME, LLC*, 938 F.3d 1305, 1316 (11th Cir. 2019). But we never adopted this rule as binding precedent.

level of an impairment—such as one's *height,* build, or singing voice—are preferable to others." 527 U.S. 471, 490 (1999) (emphasis added).[2] Though these examples may, arguably, be considered dicta, we have often repeated that "there is dicta, and then there is Supreme Court dicta." *Schwab v. Crosby*, 451 F.3d 1308, 1325 (11th Cir. 2006). We do not "lightly cast aside" this guidance from the Supreme Court—particularly when it aligns with the ADA's text and the EEOC's regulations and interpretive guidance. *Id.* (quotation omitted). Claiming to be short without alleging any underlying physiological disorder is simply not enough to allege a disability under the ADA.

Apparently realizing the weakness of her argument, Colton pivots and tries to argue that even if her height is *not* an impairment, FEHRER regarded her as having a disability, which is sufficient under the ADA. *See* 42 U.S.C. § 12102(1)(C). But again, Colton's claim suffers from poor pleading. A person is disabled under the "regarded as" clause of the ADA if her "employer perceives her as having an *ADA-qualifying disability*, even if there is no factual basis for that perception." *Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1216 (11th Cir. 2004). So Colton would at the very least have to allege that FEHRER regarded her

---

[2] Colton urges that *Sutton* was abrogated by later amendments to the ADA. But those amendments did nothing to alter the ADA's definition of "disability" as an "impairment," and therefore this remains good law. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 322 (2012) ("[i]f a statute uses words or phrases that have already received authoritative construction by the jurisdiction's court of last resort . . . they are to be understood according to that construction").

as having a physiological disorder, even if she did not. *EEOC v. STME, LLC*, 938 F.3d 1305, 1318 (11th Cir. 2019) (dismissing a "regarded as" disabled claim because the plaintiff did not allege that the employer perceived an employee as having "an existing impairment at the time it terminated her employment"). Though she alleged facts showing that FEHRER thought of her as "short," nothing in her complaint or attached exhibits even hint at FEHRER considering this to be the result of a physiological disorder or condition.

Because Colton neither pleaded a physical impairment, nor facts suggesting that FEHRER regarded her as having a physiological disorder or condition, we agree with the district court that she failed to adequately plead that she had a "disability" under the ADA.

B.

We next turn to Colton's second claim: that FEHRER retaliated against her for "opposing and reporting discrimination in employment." As Colton tells it, after she asked for a reasonable accommodation, FEHRER terminated her employment and decided to "red flag" her personnel file—adding a note that she "will not be eligible for rehire." This, she argues, constituted retaliation under 42 U.S.C. § 12203(a).

The ADA prohibits employers from "discriminat[ing] against any individual because such individual has [1] opposed any act or practice made unlawful by this

7

chapter or because [2] such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). Our Court has adopted Title VII's framework for ADA retaliation claims. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997). That is, the plaintiff must allege sufficient facts to plausibly suggest that there was "(1) statutorily protected expression; (2) adverse employment action; and (3) a causal link between the protected expression and the adverse action." *Id.*; *Surtain*, 789 F.3d at 1246.

To state a claim that FEHRER retaliated against her, Colton needs to allege enough facts to suggest that she engaged in statutorily protected expression, either because she "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under the ADA, *or* "opposed any act or practice made unlawful" by the ADA. 42 U.S.C. § 12203(a). That first option is easily dealt with. We have interpreted this "participation clause" to require a plaintiff to allege facts suggesting that her employer retaliated against her for participating in "proceedings and activities which occur in conjunction with or after the filing of a formal charge with the EEOC," *not* for "participating in an employer's internal, in-house investigation, conducted apart from a formal charge with the EEOC." *EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir.

8

2000).  Colton alleges that she was terminated and "flagged" before ever filing an EEOC charge, so this option cannot apply here.

Her other option is to allege that FEHRER retaliated against her for "oppos[ing] any act or practice made unlawful by" the ADA.  42 U.S.C. § 12203(a).  Though the act she opposed did not have to actually be unlawful, she needed to allege facts suggesting that she had a good faith, objective belief that the employer's conduct was unlawful.  *Howard v. Walgreen Co.*, 605 F.3d 1239, 1244 (11th Cir. 2010).  She has not.

Colton says she was retaliated against because she opposed "discrimination in employment"—in other words, FEHRER's refusal to accommodate her. Though Colton may have *subjectively* thought that FEHRER was discriminating against a person with a disability by failing to accommodate her short height, the district court correctly observed that "any such belief was not objectively reasonable given existing law."  The Supreme Court's opinion in *Sutton* and the EEOC's interpretive guidance have clearly stated that height is only a physical characteristic, not a disability.  *See Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1311 (11th Cir. 2016).  Because Colton did not allege facts suggesting that she opposed unlawful conduct or that she reasonably believed that she was opposing unlawful discrimination, she did not state a plausible retaliation claim.

**AFFIRMED.**